**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

JOHN ADAMS,

Petitioner,

v.

ERIC RARDIN,

Respondent.

Case No. 2:26-cv-13144
Hon. Brandy R. McMillion

_________________________________/

**OPINION AND ORDER SUMMARILY DISMISSING PETITION FOR MANDAMUS**

Petitioner John Adams ("Petitioner" or "Adams") is a federal prisoner confined at FCI Milan. Adams filed this *pro se* petition for a writ of mandamus. *See generally* ECF No. 1. Adams asserts that starting in October 2026, the BOP will be increasing the restitution payments resulting from his federal conviction above the $25 per quarter ordered by the sentencing court. *Id.* at PageID.1.

Adams asserts that he filed a first-step BP-8 administrative appeal challenging the new restitution amount, but the BOP denied it. *Id.* Adams asserts that he is entitled to expedited mandamus relief because if the BOP action is allowed to stand, excess funds from his prisoner account will be withdrawn before he can complete higher-level administrative appeals within the BOP. *Id.* at PageID.2.

The remedy of mandamus in the federal courts is considered "a drastic one, to be invoked only in extraordinary situations." *Kerr v. United States Dist. Court for Northern Dist.*, 426 U.S. 394, 402 (1976) (internal citations omitted). The Petitioner must demonstrate that: (1) he has a clear right to relief; (2) the defendant has a clear duty to act; and (3) there is no other adequate remedy available. *Leisure v. FBI of Columbus, Ohio*, 2 F. App'x 488, 490 (6th Cir. 2001) (citing *Youghiogheny & Ohio Coal Co. v. Milliken*, 200 F.3d 942, 955 (6th Cir. 1999). "'The general principle which governs proceedings by mandamus is, that whatever can be done without the employment of that extraordinary writ, may not be done with it. It lies only when there is practically no other remedy.'" *In re NLO, Inc.*, 5 F.3d 154, 156 (6th Cir. 1993) (quoting *Helstoski v. Meanor*, 442 U.S. 500, 505 (1979)).

Adams' petition fails to satisfy the third requirement. Adams admits that he has not completed administrative review within the BOP. A petitioner is generally required to exhaust administrative remedies before seeking a writ of mandamus. *BP Care, Inc. v. Thompson*, 398 F.3d 503, 514-15 (6th Cir. 2005). Federal prisoners seeking a writ of mandamus must first exhaust their remedies within the established BOP administrative appeal process. *See e.g., Coleman v. Eichenlaub*, 07-cv-14880, 2008 U.S. Dist. LEXIS 114941, *9, n. 1 (E.D. Mich. Oct. 29, 2008); *Bolt v. Booker*, No. 04-cv-33, 2004 U.S. Dist. LEXIS 28143, *9 (E.D. Kent. April 26, 2004).

Besides his remedies within the BOP, depending on the facts and circumstances behind the BOP action (the mandamus petition provides few details), Adams may have a remedy under 28 U.S.C. § 2241 to challenge an unauthorized restitution payment from his prisoner account. *See e.g., Wisdom v. United States*, No. 14-cv-20359, 2017 U.S. Dist. LEXIS 122665, *13 (E.D. Mich. Aug. 3, 2017). Adams may also have a remedy under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 2671-2680 and/or *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), for funds that are illegally disbursed from his prison account after he completes administrative review.

Because Adams has other remedies available, mandamus is not the proper vehicle to pursue his claims, and his Petition must be **DISMISSED**.

***This is a final order that closes the case.***

**IT IS SO ORDERED**.

Dated: November 4, 2026
Detroit, Michigan

s/Brandy R. McMillion
Hon. Brandy R. McMillion
United States District Judge